UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-181 CAS (VBKx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | COSME E. O. VANEGAS; ET AL. v. DOLE FOOD COMPANY, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 8, 2008, plaintiffs, a group of banana plantation workers from Costa Rica, Honduras, Panama and Guatemala, filed suit in Los Angeles County Superior Court against defendants Dole Food Company, Inc.; Dole Fresh Fruit Company; Chiquita Brands Company, North America; Chiquita Brands, Inc.; Chiquita Brands International, Inc.; Del Monte Fresh Produce N.A., Inc.; Del Monte Fresh Produce, Inc.; Del Monte Fresh Produce West Coast, Inc.; Shell Chemical Company; Shell Oil Company; The Dow Chemical Company; Occidental Petroleum Corporation; Occidental Chemical Company; Occidental Chemical Corporation; and Does 1 through 100, inclusive. Plaintiffs, who have been divided, alphabetically and by country, into several cases such that each case has less than 100 plaintiffs, allege claims for (1) products liability – negligence; (2) strict products liability; (3) products liability – defect in design, manufacture, and chemical composition; (4) products liability – breach of warranty; (5) fraudulent management; (6) intentional misrepresentation; (7) fraud by concealment; (8) general negligence; and (9) conspiracy.

On December 10, 2008, defendants were served with the summons and complaint. On January 9, 2008, defendants removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Defendants argue that these actions should be considered one action for the purposes of CAFA because plaintiffs have divided their claims solely for the purpose of avoiding federal court jurisdiction under CAFA. Notice of Removal at 3 (citing Freeman v. Blue Ridge Paper Products, Inc., 2008 WL 5396249, at *1 (6th Cir. Dec. 29, 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-181 CAS (VBKx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | COSME E. O. VANEGAS; ET AL. v. DOLE FOOD COMPANY, INC.; ET AL. | | |

Defendants have failed to establish a basis for federal subject matter jurisdiction. The removal statute is to be "strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand." Hofler v. Aetna U.S. Healthcare of California, Inc., 296 F.3d 764, 767 (9th Cir.2002). These actions do not constitute "mass actions" under CAFA because each of these actions has been brought by less than 100 plaintiffs. 28 U.S.C. § 1332(d)(11)(B); Tanoh v. AMVAC Chemical Corp., 2008 WL 4691004, at *5 (C.D. Cal. Oct. 21, 2008). Nothing in CAFA suggests that plaintiffs, as masters of their complaint, may not "file multiple actions, each with fewer than 100 plaintiffs, to work within the confines of CAFA to keep their state-law claims in state court." Tanoh, 2008 WL 4691004 at *5. Furthermore, "Congress expressly rejected the use of [defendants'] strategy by excluding actions in which claims have been 'joined upon motion of a defendant' from the definition of 'mass action.'" Id. (citing 28 U.S.C. §1332(11)(B)(ii)(II)). The Sixth Circuit's holding in Freeman is distinguishable from the instant case. 2008 WL 5396249, at *1. In Freeman, the plaintiffs divided their suit into five separate suits with identical parties and claims, each covering distinct, sequential six-month time periods. Id. By contrast, each of the cases at issue here involves distinct plaintiffs. Moreover, the Sixth Circuit explicitly noted that its "holding is limited to the situation where there is no colorable basis for dividing up the sought-for retrospective relief into separate time periods, other than to frustrate CAFA." Id. (emphasis added).

Additionally, defendants have failed to demonstrate that "even one plaintiff satisfies the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i)." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 686 (9th Cir. 2006). In Abrego, the Ninth Circuit held that defendant failed to overcome the "strong presumption" against removal jurisdiction and did not meet its burden of setting forth the underlying facts supporting its assertion that the amount in controversy exceeded $75,000. Id. at 689.[1] In Abrego, the notice of removal alleged

> A review of plaintiffs' complaint indicates that the total "matter in controversy [at the time of removal] exceeds the sum or value of $5,000,000,

---

[1] In Abrego, the plaintiffs were 1,160 banana plantation workers from Panama whose allegations of exposure to the pesticide "DBCP" are nearly identical to plaintiffs' allegations in the instant case. 443 F.3d at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-181 CAS (VBKx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | COSME E. O. VANEGAS; ET AL. v. DOLE FOOD COMPANY, INC.; ET AL. | | |

> exclusive of interests and costs," 28 U.S.C. § 1332(d)(2), and further indicates that the matter in controversy at the time of removal for each plaintiff "exceeds the sum or value of $75,000."
>
> ...
>
> Given the nature of the injuries claimed by Plaintiffs and the request for punitive damages as a multiple of each plaintiff's compensatory damages, this Court has jurisdiction over each and every plaintiff because each plaintiff satisfies the "jurisdictional amount requirements under subsection(a)." 28 U.S.C. § 1332(d)(11)(B)(i).

<u>Id.</u>  Defendants allegations in this case are nearly identical

> A review of plaintiffs' identical complaints indicates that the total "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), and further indicates that the matter in controversy for each plaintiff "exceeds the sum or value of $75,000."
>
> Each plaintiff alleges that as a result of exposure to the chemical pesticide DBCP, he "suffer[s] sterility and other serious injuries," . . . and seeks special, general and punitive damages . . . .Thus, this Court has jurisdiction over each and every plaintiff because each plaintiff satisfies the "jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i).

Notice of Removal at 6-7.  Therefore, the Court concludes that these allegations"neither overcome [] the strong presumption against removal jurisdiction, nor satisf[y][Dow]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000."  <u>Abrego</u>, 443 F.3d at 678.

The parties are hereby ORDERED TO SHOW CAUSE, on or before February 6, 2009, in a memorandum not to exceed 15 pages, why the instant action should not be dismissed for lack of subject matter jurisdiction or remanded.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-181 CAS (VBKx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | COSME E. O. VANEGAS; ET AL. v. DOLE FOOD COMPANY, INC.; ET AL. | | |

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |